**THE ATTORNEY GENERAL**

**OF TEXAS**

~~D C. MANN~~

~~JOHN~~ ~~XXXXXXXXXXXXXXXXX~~XXXXXX   **AUSTIN 11, TEXAS**

ATTORNEY GENERAL

Honorable C. O. Murdoch
County Attorney, Menard County
Menard, Texas

Dear Sir:

Opinion No. O-3035
Re: Construction of Articles 1970-
302 and 1961 Vernon's Revised Civil
Statutes, with respect to the terms
of the County Court of Menard County.

    We beg to acknowledge receipt of your letter of January 9, 1941, submitting the following question for our opinion:

"Please advise me in respect to this matter: On October 11, 1927, the minutes of the Commissioners' Court show that the Commissioners' Court set the term of the County Court to begin the first Monday in January of each year and to run for six weeks or until all business had been taken care of, and this I presume to have been done under Article 1970-302, which pertained to the jurisdiction and terms of court of Menard County Court, but in 1929, two years later, Article 1961 was amended and it has a provision pertaining to the terms of County Courts, which reads as follows: . . .

"Question: Does the term of Court, the County Court of Menard, the regular term begin the first Monday in January as provided for by Article 1970-302 and the act of the Commissioners' Court referred to above, done on October 11, 1927, or does it begin on the first Monday in February, as provded for under the act of 1929, Article 1961, amended?"

    Article 1970-302, concerning the county court of Menard County, contains the following provision:

"Sec. 8. The term of said court shall commence on the first Monday in January, and on the first Monday in May and on the first Monday in August and the first Monday in November of each year and each of said terms shall continue in session for six weeks, or until the business may be disposed of; provided, that the County Commissioners' Court of said county may hereafter change the terms of said court whenever it may be deemed necessary by said Commissioners' Court."

    This Act became effective June 6, 1927.

    Prior to the Act of 1929, referred to in your letter, Article 1961, Revised Civil Statutes of 1925, read as follows:

"The County Court shall hold at least four terms for both civil and criminal business annually, and such other terms each year as may be fixed by the Commissioners' Court. After having fixed the times and number of the terms of a County Court they shall not change the same until the expiration of one year. Until or unless otherwise provided, the term of the County Court shall be held on the first Monday in February, May, August and November, and may remain in session three weeks."

Article 1962, Revised Civil Statutes, 1925, reads:

"The Commissioners' Court may, at a regular term thereof, by an order entered upon its records, provide for more terms of the County Court for the transaction of civil, criminal and probate business, and fix the times at which each of the four terms required by the Constitution, and the terms exceeding four, if any, shall be held, not to exceed six annually, and may fid the length of each term. When the number of the terms of the County Court have been fixed, the Court shall not change the order before the year from the date of entry of the original order fixing such terms."

As you point out, Article 1961 was amended by the Acts of 1929, of the 41st Legislature, First Called Session, page 107, chapter 48, Section 2. The caption of this Act reads as follows:

"An Act to provide that all citations and notices issued by the County Court on applications for the probate of a written will or for letters of administration, or an application for the appointment of a guardian, shall be returnable to the court from which issued on the first Monday after the service is perfected, and said returnable date shall constitute the term of the probate court for action on said application; providing that the time be gixed for service of citations; amending Article 1961 of the Revised Civil Statutes of 1925 so as to provide that the probate court shall be open at all times for the transaction of probate business; amending Article 1965 so as to provide that the probate minues shall be approved by the presiding judge every thirty (30) days; repealing Article 1967 of the Revised Civil Statutes for 1925, and all other laws in conflict with this Act; and declaring an emergency."

Section 2 of this Act reads as follows:

"That Article 1961 of the Revised Civil Statutes for 1925 be amended so that the same shall hereafter read as follows:

"'Article 1961. The County Court shall hold at least four terms for both civil and criminal business annually, and such other terms each year as may be fixed by the Commissioners' Court. After having fixed the times of and number of the terms of a County Court they shall not change the same until the expiration of one year. Until, or unless otherwise provided, the term of the County Court shall be held on the first Monday in February, May, August and November, and may remain in session three weeks; provided said court shall be open at all times for the transaction of probate business.'"

It will be observed that the caption of the Act gives notice that Article 1961 is to be amended only in one respect, that is, so as to provide that the probate court shall be open at all times for the transaction of probate business. As a matter of fact, the only change made by the Legislature in the terminology of such Article is contained in the proviso appended to the last sentence thereof, as follows:

"Provided said court shall be open at all times for the transaction of probate business."

As a matter of fact, and of law, the amendment in 1929 to Article 1961, with respect to all other matters save that contained in the proviso referred to above, merely continued in full for ce and effect the provisions of Article 1961 as they had theretofore existed. In truth, the caption of the bill would support no other action by the Legislature respecting a change in Article 1961 as it existed prior to the time of the passage of the Act of 1929, save that change which the Legislature made by the insertion of the proviso, for the caption gives notice that the change made by the proviso is the only change that is to be made in said Article by said bill.

It follows that the amendment in 1929 of Article 1961 could not have the effect of changing the time for holding the terms of the County Court of Menard County from that theretofore fixed by the Commissioners' Court under the authority of existing laws.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ R.W. Fairchild

R. W. Fairchild.
Assistant

RWF:EP:egw

APPROVED FEB 21, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS